UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREA M. DAWSON,

    Plaintiff,

v.                                                       Case No. 21-cv-0809-bhl

CITY OF MILWAUKEE, et al.,

    Defendants.

## ORDER

Plaintiff Andrea M. Dawson, who was incarcerated at the time she filed her complaint and is representing herself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights. (ECF No. 1.) On November 19, 2021, Magistrate Judge Stephen C. Dries screened Dawson's complaint and determined that it did not state a claim upon which relief could be granted. (ECF No. 19.) However, Dawson was given an opportunity to amend her complaint, and she filed an amended complaint on December 13, 2021. (ECF No. 20.) Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Judge Dries after entry of this order.

### SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Dawson's Allegations*

Dawson states that in December of 2015 at the Milwaukee County Jail, defendant Whitney Hendon repeatedly shoved her aggressively while having her "lock in" to her cell and

2

intentionally slammed Dawson's fingers in the cell door. (ECF No. 19 at 2-3.) Dawson's fingers were broken. (*Id.* at 3.) Defendant Shanice Jones watched as Hendon aggressively handled Dawson and slammed her fingers in her cell door but did not intervene. (*Id.* at 2.) Defendant Chrystalina Montano did not send Dawson to the hospital to have her obviously broken fingers examined instead having a medical professional from Aurora Mount Sinai hospital come and "E-ray" her fingers. (*Id.* at 5.) As a result, Dawson fingers are permanently disfigured. (*Id.* at 4.) Defendant Melvin Finkley wanted to send Dawson to the hospital, but Montano overruled him. (*Id.* at 5.)

*Analysis*

At the outset, Dawson sues the City of Milwaukee and Continental Casualty Insurance Company but does not include any allegations detailing what they did or did not do. Regardless, for the reasons explained by Judge Dries in his November 19, 2021, order, they cannot be held liable under § 1983. (*See* ECF No. 19 at 4-5.) All claims against these defendants are dismissed.

Regarding defendant Hendon, Dawson may proceed on an excessive force claim. It is unclear from the record whether Dawson was a pretrial detainee at the time. If she was a pretrial detainee, her rights arise out of the Fourteenth Amendment's Due Process Clause; if she was a convicted prisoner, her rights arise out of the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (holding that an objective unreasonableness standard applies to claims brought by pretrial detainees while a subjective standard of whether the force was applied maliciously and sadistically applies to convicted prisoners). The court need not determine at this stage whether Dawson was a pretrial detainee or a convicted prisoner, however, because the Eighth Amendment standard is the more stringent one. The court will analyze her claims under that standard.

3

"Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). Dawson alleges that Hendon used excessive force to get her to "lock-in" her cell, including intentionally slamming her fingers in the door. Dawson states an excessive force claim against Hendon. Whether the claim is under the Eighth Amendment or the Fourteenth Amendment standard will depend on whether Dawson was a pretrial detainee at the time of the incident.

Turning to defendant Jones, whether the Eighth Amendment or Fourteenth Amendment standard applies again depends on whether Dawson was a pretrial detainee. For the reasons stated above, the court will again apply the Eighth Amendment standard at this juncture. A correctional officer violates the Eighth Amendment "only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To establish a claim, a plaintiff must allege that "the harm to which the prisoner was exposed [was] an objectively serious one" and "that the official [had] actual, and not merely constructive, knowledge of the risk" and failed to mitigate that risk. *Id.* At this stage, Dawson sufficiently alleges that Jones was aware of an objectively serious risk and did not take steps to prevent the harm Dawson sustained. She may proceed on a claim against Jones for failing to intervene in the altercation with Hendon.

Dawson may also proceed on a claim against Montano for failing to get Dawson proper medical care for her broken fingers. Whether this claim is under the Fourteenth Amendment standard or the Eighth Amendment standard also depends on whether Dawson was a pretrial detainee, and the court will also use the more stringent Eighth Amendment standard to screen Dawson's claim. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018)

4

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment*." Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

Dawson alleges that her fingers were obviously broken and needed significant medical treatment. At this stage, she sufficiently alleges that Montano's decision to not send Dawson to the hospital amounted to deliberate indifference.

However, Dawson may not proceed on a deliberate indifference claim against Finkley. Dawson alleges that Finkley attempted to persuade Montano to send Dawson to the hospital, but Montano overruled him. Finkley was not deliberately indifferent to Dawson's medical needs. He is dismissed from the case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the City of Milwaukee, Continental Casualty Insurance Company, and Melvin Finkley are **DISMISSED**.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for

5

service on defendants Whitney Hendon, Chrystalina Montano, and Shanice Jones. It is ORDERED that, under the informal service agreement, these defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are either not incarcerated or inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Dawson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. Dawson's failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

The court **RETURNS** this case to United States Magistrate Judge Stephen C. Dries for further proceedings.

Dated at Milwaukee, Wisconsin this 24th day of January, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge